**GIBSON'S OF DOUGLAS, GA., INC., Appellee,**

v.

**COMMERCIAL UNION INSURANCE CO., Appellant.**

**GIBSON'S OF DOUGLAS, GA., INC., Appellant,**

v.

**COOK, TREADWELL & HARRY, INC., and Leon B. Kindred, Appellees.**

**Nos. 80–1686, 80–1697.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1981.

Decided May 14, 1981.

W. Frank Morledge, Sharpe & Morledge, P.A., Forrest City, Ark., for appellee.

Rick Sellars, Bailey, Trimble & Pence, Little Rock, Ark., for appellant.

James B. Gannaway, Gannaway & Darrow, Little Rock, Ark., for appellees.

Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

These appeals arise out of an action on an insurance policy tried to the District Court. Judgment was entered July 1, 1980, against Commercial Union Insurance Company (Commercial) in favor of the insured, Gibson's of Douglas, Ga., Inc., in the amount of $56,399.57, together with interest from October 9, 1974, until paid. This appeal followed. We vacate the judgment of the District Court and remand for further proceedings.

The complaint alleged that on June 6, 1974, when a hazard insurance policy issued by Commercial was in full force and effect, Gibson's property was destroyed by a tornado. Commercial pleaded as a defense that Gibson's had under-reported the full value of its property, and that based on adjustments contained in the policy's "full reporting clause" the proper amount had already been paid. Gibson's then brought a separate action against Cook, Treadwell & Harry, Inc. (CTH), the general agent of Commercial, and Leon E. Kindred, an agent of CTH, alleging that the amount of the coverage and the effect of the full-reporting clause had been misrepresented by them to Gibson's. Gibson's alleged that Leon Kindred had assured it that the full coverage of the policy would not be affected by honestly erroneous monthly reports. Commercial also filed a third-party claim against CTH and Leon Kindred, requesting indemnity in the event judgment was granted against Commercial.

The contents of Gibson's retail store in Forrest City, Arkansas, were insured by a "Special Multi-Peril Policy" issued by Commercial. The policy was sold by Mr. Kindred, an agent for CTH of Shreveport, Louisiana. The policy provided for a provisional premium and for fluctuating maximum coverage to be fixed on the basis of monthly written reports by Gibson's to Commercial (through CTH) as to the value of the inventory and equipment on hand. The premium was to be determined at the end of the policy term in accordance with the average value of the contents over the policy term.

The monthly reports of value were required by the terms of a "value reporting clause." This clause also provided that, in the event of a loss, if the insured had failed to file any value reports, the policy would cover no amount greater than that contained in the last value report filed.

The policy also contained a "full reporting clause," which Commercial has relied upon in defense of Gibson's claim.[1] The clause provides, in part:

> Full Reporting Clause: Liability under this policy shall not in any case exceed that proportion of the loss hereunder which the last value reported prior to the loss ... bears to the total actual cash value ... on that date for which the report was made.

In other words, if the last value report filed by Gibson's was accurate, it would be entitled to a 100 percent recovery.

The tornado that destroyed Gibson's property struck on June 6, 1974. The document purporting to be the last report of value lists the value of Gibson's inventory and equipment as of April 30, 1974. The report was dated April 23, 1974, and was received by CTH on May 2, 1974. The trial court determined, and it is not disputed here, that the April 30 date was in error, and that the report was intended to reflect the value of inventory and equipment as of March 31, 1974. The value reported as of that date was $572,367, including $486,416 for inventory and $85,981 for equipment. Commercial contended that this figure underrepresented the value of the inventory and equipment on hand, and that thus the penalty provision of the full-reporting clause was applicable to Gibson's claim.

---

1. There is no dispute over the timeliness of any report. Neither in the pleadings nor at trial was any defense asserted on the basis of the value-reporting clause.

The District Court found that the value reported as of March 31, 1974, was the exact amount carried on the insured's general ledger, noting also that the GAB audit conducted in the course of adjusting the loss supported this determination. On this basis the court concluded that Commercial had failed to establish that the full-reporting clause had been violated and was therefore liable for the full amount of the loss.

On appeal Commercial relies on the same GAB audit, but points to other figures contained in the audit indicating under-reporting in some respects and over-reporting in others. Commercial admits that Gibson's value report comports with the general ledger, but argues that both the report and the ledger are inaccurate. The net effect of the GAB audit is said to indicate under-reporting in the amount of $82,004.85.[2] For example, the audit states that Gibson's failed to record inventory transferred prior to March 31, 1974, in the amount of $33,-623.00, and inventory on hand, "recently received," in the amount of $27,389.88. There are other claimed discrepancies that need not be listed here. The important point for present purposes is that the District Court made no findings on the accuracy of the various discrepancies alleged in the audit.

The judgments must, therefore, be vacated and the cases remanded for fuller findings of fact. On the main issue dealt with by the District Court, whether the report of value was consistent with the general ledger, we emphasize that the District Court's opinion is accurate as far as it goes, but further findings need to be made with respect to the items of claimed discrepancy listed in the GAB report. Review by this court is not possible until these issues are resolved. On remand, the District Court should make findings as to each of the items listed in the GAB report as claimed discrepancies. It should also decide whether, under the law of Arkansas, statements by Mr. Kindred can operate to waive the strict requirements of the full-reporting clause, and whether (assuming waiver is legally possible) Mr. Kindred's statements in fact amounted to a waiver. The trial court is in the proper position to make such determinations, rather than this court on appeal.

If Gibson's ultimately recovers against Commercial, its action against CTH and Kindred may be moot, since the claim against the agents is conditional and alternative. Commercial did not appeal the dismissal of its third-party complaint against CTH and Kindred, so the claim asserted in that pleading is finally extinguished.

The judgment in Gibson's action against Commercial, No. 80-1686, is vacated, and the cause remanded for further proceedings not inconsistent with this opinion. The judgment in Gibson's action against CTH and Kindred, No. 80-1697, is also vacated, with the necessity of further proceedings in that case to depend on the outcome of No. 80-1686 on remand.

It is so ordered.

2. Under Commercial's analysis Gibson's should have reported the value of inventory and equipment to be $654,371.85. Thus, the full reporting clause would have the following effect:

As actual value reported as of 3/31/74 was $572,367, recovery would be: $572,-367.00/$654,371.85 or 87.468% of the reported loss.